The Honorable Bob Keltner State Representative 6608 Juniper Little Rock, Arkansas 72209
Dear Representative Keltner:
This official Attorney General opinion is issued in response to a question you have presented regarding Act 586 of 1993.
Act 586 of 1993 amended the provisions of A.C.A. § 24-8-404 and A.C.A. §24-8-406, to read, in pertinent part, as follows (language added by Act 586 is underlined):
24-8-404. Entitlement to benefits generally.
 Any judge of a municipal court or county municipal court, licensed to practice law, established in any county having a population of one hundred fifty thousand (150,000) or more persons, according to the most recent federal census, in which county there are two (2) or more municipal courts, and any clerk of such a municipal court appointed by the judges thereof shall be entitled to the benefits established by this subchapter.
 24-8-406. Eligibility for benefits — Attainment of age 50 and 16 years of service.
 (a)(1) Any judge of a municipal court or county municipal court to which this subchapter applies who shall attain the age of fifty (50) years and who shall have served at least sixteen (16) years in office as municipal judge, or at least sixteen (16) years combined service as municipal judge and deputy prosecuting attorney, shall be eligible to receive retirement benefits provided by this subchapter.
 (2) If the judge resigns, retires from office, or is succeeded in office by another judge, then he shall receive retirement pay for and during the remainder of his natural life in an amount equal to one-half (1/2) of the salary payable to him at the time of his resignation, retirement, or succession in office. Any county municipal judge who retires under this law shall be entitled to continue to participate in and be covered by the county health insurance program.
A.C.A. §§ 24-8-404 -406. (These sections were amended again by Act 793 of 1995, so as to make their provisions applicable only to judges who served prior to January 1, 1995.)
Regarding the above-quoted statutes, as amended by Act 586 of 1993, you have presented the following question:
 Does Act 586 of 1993 constitute special legislation because it applies to only one person in the State of Arkansas?
Your concern arises out of your assertion that Act 586 of 1993 was only applicable to Pulaski County (because of the population limitation), and that only one judge was actually affected by its provisions.
Matters involving the particular judge who was affected by the above-referenced provisions are currently the subject of formal litigation, the outcome of which could directly impact the questions you have raised. While the legislation about which you have inquired does appear to have worked to the advantage of this judge, the question of whether the legislation constitutes "special" legislation from a legal standpoint is a complex one that is inextricably intertwined with the pending litigation. Moreover, the Office of the Attorney General represents the state in the litigation involving this judge. For these reasons, I believe that it would be inappropriate for me to issue an opinion regarding these matters.
In addition, it is a long-standing policy of this office not to issue legal opinions on matters that are pending before the courts for determination. Such matters are properly decided by the judiciary; commentary from any of the other branches of government would present a threat to the constitutional principle of separation of powers.
I must therefore decline to opine regarding the matters about which you inquired.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh